**IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION**

**CIVIL CASE NO. 1:10cv18**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| vs. ) | **O R D E R** |
| ) | |
| **400 Roper Street, Morganton, North** ) | |
| **Carolina, being real property as** ) | |
| **described in a deed at Book 431,** ) | |
| **Page 468, of the Registry of Burke** ) | |
| **County, North Carolina, together** ) | |
| **with the residences, and all** ) | |
| **appurtenances, improvements, and** ) | |
| **attachments thereon,** ) | |
| ) | |
| **Defendant.** ) | |
| ) | |

**THIS MATTER** is before the Court on the Government's Motion for Entry of Default Against Roy Nelson Patton, Sr. and Harold Eugene Patton. [Doc. 19].

Rule 55(a) of the Federal Rules of Civil Procedure provides that the Clerk of Court must enter a party's default where the party's failure to plead or otherwise defend "is shown by affidavit or otherwise." Fed. R. Civ. P. 55(a). This means that the "elements of a default must be shown by

means of an affidavit or by other competent proof." 10A Charles Alan Wright, Arthur R. Miller and Mary Kay Kane, <u>Federal Practice and Procedure</u> § 2682 (3d ed. 1998). Having failed to show "by affidavit or otherwise" that Roy Nelson Patton, Sr. and Harold Eugene Patton have been properly served and have failed to plead or otherwise defend this action, the Government's motion must be denied.

Accordingly, **IT IS, THEREFORE, ORDERED** that the Government's Motion for Entry of Default Against Roy Nelson Patton, Sr. and Harold Eugene Patton [Doc. 19] is **DENIED WITHOUT PREJUDICE**.

**IT IS SO ORDERED.**

Signed: September 15, 2010

Martin Reidinger
United States District Judge