# IN THE DISTRICT COURT OF THE UNITED STATES
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION

## CIVIL CASE NO. 1:10cv18

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> 400 ROPER STREET, ) <br> Morganton, North Carolina, ) <br> being real property as ) <br> described in a deed at Book ) <br> 431, Page 468, of the Registry ) <br> of Burke County, North ) <br> Carolina, together with the ) <br> residences, and all ) <br> appurtenances, improvements, ) <br> and attachments thereon, ) <br> ) <br> Defendant. ) <br> _____ ) | **O R D E R** |

**THIS MATTER** is before the Court on the Government's Motion for Summary Judgment on Claim of John Wilson Patton and for Default Judgment [Doc. 31]. For the reasons set forth herein, the Government's Motion for Summary Judgment will be granted, and the Motion for Default Judgment will be denied.

I.   **PROCEDURAL BACKGROUND**

On January 15, 2010, the Government initiated this civil forfeiture action pursuant to 18 U.S.C. §§ 981, 983, 985, and 21 U.S.C. § 881 against the defendant property.  [Doc. 1].  As grounds for forfeiture, the Verified Complaint alleges in part that the defendant property "was used or intended to be used, in any manner or part, to commit, or to facilitate" illegal drug trafficking in violation of 21 U.S.C. §§ 801, *et seq.*  [Id. at ¶35].

The Government posted notice of this civil forfeiture action for a period of 30 consecutive days, beginning on January 23, 2010, as required by Rule G(4)(a)(iv)(C) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions.  [Doc. 4].  Additionally, the Government provided direct notice to John Wilson Patton, Harold Eugene Patton, Roy Nelson Patton, Sr., and Barbara Ann Patton Leonard, who were identified in the Verified Complaint as persons who may have an interest in the defendant property.  [See Docs. 19-1, 19-2].

Barbara Ann Patton Leonard filed a Claim on March 17, 2010, but subsequently withdrew her Claim on March 11, 2011.  [Docs. 8, 28].   John Wilson Patton filed his Claim on March 26, 2010.  [Doc. 9]. Roy Nelson,

Sr. and Harold Eugene Patton did not file claims[1] and upon motion of the Government, the Clerk of Court entered default against them on October 29, 2010. [Doc. 24]. No other person or entity has filed a claim in this action. Accordingly, John Wilson Patton (hereinafter the "Claimant") remains as the only possible claimant of the defendant property.

On April 30, 2011, the Government filed the present motion for summary judgment, arguing that the undisputed facts show that the property is subject to forfeiture and that the Claimant cannot establish that he is an "innocent owner" of the defendant property. [Doc. 31]. The Claimant filed a response opposing the Government's motion on May 15, 2011. [Doc. 32]. On May 19, 2011, the Government filed a notice of its intent to not file a reply brief. [Doc. 33]. Having been fully briefed, this matter is ripe for disposition.

---

[1] Roy Nelson Patton, Sr. and Harold Eugene Patton did join Barbara Ann Patton Leonard and John Wilson Patton in a motion filed by counsel seeking an extension of time in which to file a claim in this action. [Doc. 6]. While the request for an extension of time was granted [Doc. 7], neither Roy Nelson Patton, Sr. nor Harold Eugene Patton filed a claim within the time allowed.

3

## II.     STANDARD OF REVIEW

Summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  "As the Supreme Court has observed, 'this standard provides that the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact.'"  Bouchat v. Baltimore Ravens Football Club, Inc., 346 F.3d 514, 519 (4th Cir. 2003) (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48, 106 S.Ct. 2505, 91 L.Ed.2d (1986)) (emphasis in original).  A genuine issue of fact exists if "a reasonable jury could return a verdict for the nonmoving party."  Shaw v. Stroud, 13 F.3d 791, 798 (4th Cir. 1994) (citation omitted).

"Regardless of whether he may ultimately be responsible for proof and persuasion, the party seeking summary judgment bears an initial burden of demonstrating the absence of a genuine issue of material fact." Bouchat, 346 F.3d at 522.  If this showing is made, the burden then shifts to the non-moving party who must convince the Court that a triable issue does exist.  Id.

> A party opposing a properly supported motion for summary judgment may not rest upon the mere allegations or denials of his pleadings, but rather must set forth specific facts showing that there is a genuine issue for trial. Furthermore, neither unsupported speculation, nor evidence that is merely colorable or not significantly probative, will suffice to defeat a motion for summary judgment; rather, if the adverse party fails to bring forth facts showing that reasonable minds could differ on a material point, then, regardless of any proof or evidentiary requirements imposed by the substantive law, summary judgment, if appropriate, shall be entered.

Id. (internal citations and quotation marks omitted).

In considering the facts for the purposes of a summary judgment motion, the Court will view the pleadings and material presented in the light most favorable to the nonmoving party, drawing all reasonable inferences in that party's favor. George & Co. LLC v. Imagination Entertainment Ltd., 575 F.3d 383, 392 (4th Cir. 2009).

## III. FACTUAL BACKGROUND

The forecast of evidence presented by the Government, which is not disputed by the Claimant, is summarized as follows.

The defendant property is titled in the name of Cleveland Glenn and his wife, Hattie E. Glenn. [Doc. 31-1]. Cleveland Glenn died on January 9,

1994, and Hattie E. Glenn died on February 12, 2000. The four apparent heirs of the defendant property are Roy Nelson Patton, Sr., Barbara Ann Patton Leonard, Harold Eugene Patton, and John Wilson Patton, the Claimant herein. [Id.].

From in and around January 2001 and continuing until 2008, the residence located on the defendant property was the principal site of a large-scale conspiracy to distribute crack cocaine in Burke County and elsewhere in Western North Carolina. [Verified Complaint, Doc. 1 at ¶¶16, 18, 30, 31; Affidavit of Martin Lawing ("Lawing Aff."), Doc. 31-7]. Government investigation of drug trafficking at the defendant property resulted in the filing of three indictments involving a total of 33 defendants, all of whom have been convicted and/or pled guilty to charges of drug trafficking. [Lawing Affidavit, Doc. 31-7]. See United States v. Booker, *et al.,* Criminal Case No. 1:07cr33 (W.D.N.C.); United States v. Adams, Criminal Case No. 1:08cr128 (W.D.N.C.); and United States v. Corpening, *et al.*, Criminal Case No. 1:08cr10 (W.D.N.C.).

John Wilson Patton and Harold Eugene Patton were two of twelve defendants charged in the Booker indictment. John Wilson Patton proceeded to trial on July 9, 2007. At trial, Burke County narcotics

6

investigator Chris Marsh testified that he assisted in the execution of a search warrant at the defendant property on October 29, 2006. [Criminal Case No. 1:07cr33, Trial Transcript, Doc. 345 at 112-13]. During the execution of that search warrant, a firearm was seized from a closet in John Wilson Patton's bedroom. [Id. at 119]. Two vials containing residue amounts of crack cocaine also were seized, along with $453.00 in cash, drug paraphernalia, and four cell phones. [Id. at 137].

John Wilson Patton's neighbor, Charles Tate, testified that he had purchased crack cocaine on at least two occasions at the defendant property sometime between 2002 and October 2006. [Id. at 144, 148].

Cooperating government witness Wayne O'Neil testified that he went to the defendant property "quite often" to sell crack cocaine to John Wilson Patton, Harold Eugene Patton, and others. [Id. at 72, 77, 90]. O'Neil further testified that he witnessed John Wilson Patton conduct drug transactions approximately "15, 20 times" in the living room of the residence. [Id. at 77].

Indicted co-conspirator Jeannie Largent Cosby testified that she was a long-time crack user and lower-level dealer who regularly visited the residence on the defendant property to purchase crack cocaine. [Id. at 162-63, 170]. She stated that after the year 2000 she purchased crack

cocaine "twice a day" from John Wilson Patton. [Id. at 162-63]. Cosby further testified that on April 25, 2006, she participated in a controlled purchase of crack cocaine at the residence. [Id. at 169]. She further testified that she purchased crack from Harold Eugene Patton at the residence on the defendant property on July 18 and October 2, 2006. [Id. at 172-74].

Other government witnesses, including Robin Surratt, Tara Aday, Melvin O'Neil, Shannon Coleman, Michael Duckworth, and Jamesha Corpening, testified that they purchased crack cocaine from John Wilson Patton and/or Harold Eugene Patton at the residence on the defendant property during the period of the alleged drug trafficking conspiracy. [Id. at 96, 213, 226-27, 235-37, 251-52, 257-58, 261-62]. Robin Surratt testified that the residence at 400 Roper Street was "a known crackhouse." [Id. at 97].

On July 13, 2007, a jury found John Wilson Patton guilty of conspiracy to possess with intent to distribute 50 or more grams of cocaine base, in violation of 21 U.S.C. §§ 841(a)(1) and 846, and possession of a firearm after having been convicted of a felony, in violation of 18 U.S.C. § 922(g)(1). [Criminal Case, No. 1:07cr33, Doc. 152]. He was sentenced to

360 months of imprisonment on March 24, 2009. [Id., Doc. 319]. Harold Eugene Patton pled guilty to the same drug conspiracy charge and was sentenced to life imprisonment. [Id., Doc. 299].[2]

The use of the defendant property in the illegal drug activity is further corroborated by the following verified allegations set out in the complaint.[3] On October 2, 2006, a confidential informant working with the Burke County Sheriff's Office purchased crack cocaine from Harold Eugene Patton at the residence on the defendant property. [Verified Complaint, Doc. 1 at ¶28]. On December 14, 2006, a confidential informant made another controlled buy from Curtis Jerome Lytle at the residence on the defendant property; John Wilson Patton was present during this purchase. [Id. at ¶¶26, 27].

---

[2]The Government made no attempt to forfeit the defendant property in the Booker case. Rather, the Government filed a Notice of Forfeiture of the defendant property as part of the Adams indictment, which charged a total of 15 defendants with conspiracy, including the son of John Wilson Patton, Ravon Jamar Patton. [See Criminal Case No. 1:08cr128, Doc. 2]. On May 5, 2009, Ravon Jamar Patton pled guilty and consented to the forfeiture of the defendant property as part of his plea. [Id., Docs. 186, 187]. The Government moved to dismiss that criminal forfeiture proceeding in favor of the present civil forfeiture case, and the Court granted that motion on January 20, 2010. [Id., Doc. 384].

[3]A verified complaint may be treated as an affidavit for the purposes of summary judgment if it satisfies the standards of Rule 56(c)(1)(4) of the Federal Rules of Civil Procedure. See United States v. Four Parcels of Real Property, 941 F.2d 1428, 1444 n.35 (11th Cir. 1991) (citing prior version of Rule 56).

Charlisa Kincaid purchased cocaine base from John Wilson Patton at the residence on the defendant property at various times between 2000 and 2007. [Id. at ¶¶24, 25]. A confidential informant made three controlled buys from Ravon Jamar Patton at the residence on the defendant property on October 29, 2007; November 14, 2007; and February 13, 2008. [Id. at ¶¶21-23].

On February 21, 2008, deputies with the Burke County Sheriff's Department executed a search warrant on the defendant property. During the course of the search, deputies discovered and seized an amount of cocaine base, measuring scales, packaging paraphernalia, and a firearm from the residence. [Id. at ¶¶19, 20].

## IV.  ANALYSIS

Under the civil forfeiture laws, the Government may seek the forfeiture of real property if such property "is used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, a violation of" the Controlled Substances Act. 21 U.S.C. § 881(a)(7).[4] The

---

[4] In addition to seeking forfeiture under 21 U.S.C. § 881(a)(7), the Government indicates in its summary judgment motion that it also seeks forfeiture of the defendant property pursuant to 21 U.S.C. § 881(a)(6). The Government, however, has not made any legal argument or presented any forecast of evidence to establish that the

Government bears the burden in a civil forfeiture action of proving by a preponderance of the evidence that the property sought is subject to forfeiture. 18 U.S.C. § 983(c)(1). Whether the Government has met this burden is determined by a totality of the circumstances. See United States v. Thomas, 913 F.2d 1111, 1115 (4th Cir. 1990).

Once the Government has met its burden, the burden then shifts to the claimant to prove an affirmative defense to forfeiture, such as the defense that he is an "innocent owner" of the defendant property. 18 U.S.C. § 983(d)(1). An innocent owner is one who either "did not know of the conduct giving rise to forfeiture" or "upon learning of the conduct giving rise to the forfeiture, did all that reasonably could be expected under the circumstances to terminate such use of the property." 18 U.S.C. § 983(d)(2).

In order to establish that a defendant property is forfeitable because it was "facilitating" an illegal drug transaction, the Government must prove that "there was a substantial connection between the property and the

---

defendant property is a "thing[ ] of value furnished or intended to be furnished by any person in exchange for a controlled substance" or that the property constitutes "proceeds traceable to such an exchange." Id. Accordingly, the Court considers the Government to have abandoned this argument and will not address it further.

11

offense." 18 U.S.C. § 983(c)(3).  Under this standard, "the property either must be used or intended to be used to commit a crime, or must facilitate the commission of a crime.  At minimum, the property must have more than an incidental or fortuitous connection to criminal activity."  United States v. Schifferli, 895 F.2d 987, 990 (4th Cir. 1990).

In the present case, the Government has presented an undisputed forecast of evidence to show that the real property located at 400 Roper Street was the site of multiple illegal drug transactions, beginning in 2000 and continuing until 2008.  These transactions are detailed not only in the Government's Verified Complaint, but in the affidavit of Martin Lawing, a narcotics investigator with the Burke County Sheriff's Office, and the transcript of John Wilson Patton's criminal trial, at which no fewer than nine fact witnesses testified to John Wilson Patton's and Harold Eugene Patton's knowledge of and active participation in the trafficking of crack cocaine at the defendant property.  Based upon this undisputed forecast of evidence, the Court concludes that the Government has demonstrated that there is no genuine issue as to any material fact that the subject property was used to facilitate the commission of illegal drug transactions and is therefore subject to forfeiture pursuant to 21 U.S.C. § 881(a)(7).

The Claimant concedes that his drug trafficking conviction precludes him from asserting an innocent ownership defense in this case. [See Doc. 32 at 3]. Nevertheless, the Claimant opposes the Government's summary judgment motion on the grounds that this action is barred by the applicable statute of limitations. [Id. at 2]. The Claimant previously raised this argument in a motion to dismiss, which was denied by this Court. [See Doc. 15]. For the reasons stated in that prior Order, the Court again rejects the Claimant's statute of limitations argument here.

Finally, and apparently as an alternative argument, the Government seeks the entry of a default judgment against the Claimant on the theory that he abandoned any ownership interest in the defendant property for an 18-month period in 2007 and 2008. On this point, frankly, the Government's brief is convoluted and difficult to follow. Suffice it to say that the Government has failed to present factual or legal grounds sufficient to warrant the entry of default judgment against the Claimant in this case. Accordingly, the Government's motion for a default judgment will be denied.

13

## V. CONCLUSION

Having carefully reviewed the entire record in this case, the Court concludes that the Government has demonstrated that there are no genuine issues of material fact and that it is entitled to judgment as a matter of law. Accordingly, the Government's motion for summary judgment will be granted.

**IT IS, THEREFORE, ORDERED** that the Government's Motion for Summary Judgment on the Claim of John Wilson Patton [Doc. 31] is **GRANTED**.

**IT IS FURTHER ORDERED** that the Government's Motion for Default Judgment [Doc. 31] with respect to the Claim of John Wilson Patton is **DENIED**.

**IT IS FURTHER ORDERED** that within thirty (30) days of the entry of this Order, the Plaintiff shall take such further action as is required to prosecute this action with respect to Harold Eugene Patton and Roy Nelson Patton, Sr.

**IT IS SO ORDERED.**

Signed: June 16, 2011

Martin Reidinger
United States District Judge