# IN THE DISTRICT COURT OF THE UNITED STATES
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION

## CIVIL CASE NO. 1:10cv18

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **O R D E R** |
| ) | |
| 400 Roper Street, Morganton, North ) | |
| Carolina, being real property as ) | |
| described in a deed at Book 431, ) | |
| Page 468, of the Registry of Burke ) | |
| County, North Carolina, together ) | |
| with the residences, and all ) | |
| appurtenances, improvements, and ) | |
| attachments thereon, ) | |
| ) | |
| Defendant. ) | |

**THIS MATTER** is before the Court on the Government's Motion for Entry of Judgment by Default, Entry of Judgment, and Final Order of Forfeiture [Doc. 35].

On January 15, 2010, the Government initiated this civil forfeiture action pursuant to 18 U.S.C. §§ 981, 983, 985, and 21 U.S.C. § 881 against the defendant property. [Doc. 1]. As grounds for forfeiture, the Verified Complaint alleges in part that the defendant property "was used or

intended to be used, in any manner or part, to commit, or to facilitate" illegal drug trafficking in violation of 21 U.S.C. §§ 801, *et seq.* [Id. at ¶35].

According to the Verified Complaint, the defendant property is titled in the name of "Cleveland Glenn and wife, Hattie E. Glenn." [Id. at ¶10]. Both are deceased. [Id. at ¶¶12, 13]. The four apparent heirs of Cleveland Glenn and Hattie E. Glenn are Roy Nelson Patton, Sr., Barbara Ann Patton Leonard, Harold E. Patton, and John Wilson Patton. [Id. at ¶14].

The Government posted notice of this civil forfeiture action on an official internet government forfeiture site, www.forfeiture.gov, for a period of 30 consecutive days, beginning on January 23, 2010, as required by Rule G(4)(a)(iv)(C) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions. [Doc. 4]. The Government further published notice pursuant to Rule G(4)(a)(iv)(A) in the News Herald, a newspaper of general circulation in Burke County, North Carolina, for a period of three consecutive weeks beginning on November 22, 2010. [Doc. 27].

The Government provided direct notice to Roy Nelson Patton, Sr., Barbara Ann Patton Leonard, Harold E. Patton, and John Wilson Patton. [See Docs. 19-1, 19-2]. Barbara Ann Patton Leonard filed a Claim on

March 17, 2010, but subsequently withdrew her Claim on March 11, 2011. [Docs. 8, 28]. Roy Nelson, Sr. nor Harold Eugene Patton Sr. and Harold Eugene Patton did not file claims and upon motion of the Government, the Clerk of Court entered default against them on October 29, 2010. [Doc. 24]. John Wilson Patton filed his Claim on March 26, 2010. [Doc. 9]. The Court entered summary judgment in favor of the Government on his claim on June 16, 2011. [Doc. 34]. No other person or entity has filed a claim in this action.

The Government now moves the Court for entry of default and entry of default judgment against Associates Financial Services of America, Inc., and for entry of judgment and final order of forfeiture pursuant to Federal Rule of Civil Procedure 58(a)(2)(A)(iii) against the defendant property. [Doc. 35]. For grounds, the Government states in its motion that a title search revealed two Deeds of Trust filed in 1995 on the defendant property in Burke County, neither of which appear to have been cancelled. The first Deed of Trust was executed by decedent Hattie Glenn in the amount of $27,500.00 on April 20, 1995, for the benefit of Consolidated Mortgage and Financial Services Corporation. [Doc. 35-2]. That Deed of Trust was then

3

assigned by Consolidated Mortgage and Financial Services Corporation to "Associates Financial Co., Inc." on April 20, 1995. [Doc. 35-3].

The second Deed of Trust was executed by decedent Hattie Glenn in the amount of $29,720.03 on November 10, 1995, for the benefit of "Associates Financial Services of America, Inc." [Doc. 35-4]. The mailing address identified on this second Deed of Trust for mailing after recording lists "Associates Financial Services P.O. Box 8129 Morganton, N.C. 28680." [Id.].

The Government contends that an older and now cancelled Deed of Trust by Hattie Glenn and her husband on the defendant property "demonstrates that 'Associates Financial Co. Inc.' and 'Associates Financial Services of America, Inc.' are the same entity." [Doc. 35-5]. In fact, however, this cancelled Deed of Trust identifies the Beneficiary as "Associates Financial Services, Inc.," the address of which is 1243 Burkemont Avenue, Unit #19, Morganton, North Carolina 28655. [Id.]. The mailing address identified on this Deed of Trust lists "Associates Financial Services P.O. Box 8129 Morganton, N.C. 28680." A stamp added to the Deed of Trust indicating that the Deed of Trust was paid in full and satisfied lists "Associates Financial Services of America, Inc" as the beneficiary.

[Id.]. Thus, this Deed of Trust does not, as the Government contends, establish that "Associates Financial *Co.* Inc." and "Associates Financial Services of America, Inc." are the same entity.

In its motion, the Government states that Associates Financial Services of America Inc. has "been absorbed into Citi Mortgage (and/or Citi Financial)" [Doc. 35 at 4], although no proof is offered to support this claim.[1] Further, while the Government states that it has provided notice by certified mail to both Citi Mortgage and Citi Financial [Doc. 35 at 4], the Government does not offer any affidavit or other competent proof in support of this statement.

In order for a default to be entered, the "elements of a default must be shown by means of an affidavit or by other competent proof." 10A Charles Alan Wright, Arthur R. Miller and Mary Kay Kane, Federal Practice and Procedure: Civil § 2682 (3d ed. 1998). Here, the Government has presented to the Court two Deeds of Trust, which indicate two possible lienholders on the defendant property: Associates Financial Co., Inc. and Associates Financial Services of America, Inc. Based on the record presented by the Government, the Court cannot determine that the

---

[1] The Government fails to clarify which entity -- Citi Mortgage or Citi Financial -- allegedly has absorbed Associates Financial Services of America, Inc.

Government has identified the proper corporate entities entitled to notice under the applicable Rules. Even if the proper corporate entities were identified, the Government has not offered any affidavit or other competent evidence to establish that these lienholders were notified properly and have failed to plead or otherwise defend this action.

For these reasons, the Government's Motion for Entry of Judgment by Default, Entry of Judgment, and Final Order of Forfeiture must be denied.

Accordingly, **IT IS, THEREFORE, ORDERED** that the Government's Motion for Entry of Judgment by Default, Entry of Judgment, and Final Order of Forfeiture [Doc. 35] is **DENIED WITHOUT PREJUDICE**.

**IT IS SO ORDERED.**

Signed: August 10, 2011

Martin Reidinger
United States District Judge