**THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF NORTH CAROLINA**
**ASHEVILLE DIVISION**

**CIVIL CASE NO. 1:10cv18**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **O R D E R** |
| | ) | |
| **400 Roper Street, Morganton, North** | ) | |
| **Carolina, being real property as** | ) | |
| **described in a deed at Book 431,** | ) | |
| **Page 468, of the Registry of Burke** | ) | |
| **County, North Carolina, together** | ) | |
| **with the residences, and all** | ) | |
| **appurtenances, improvements, and** | ) | |
| **attachments thereon,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

**THIS MATTER** is before the Court on the Government's Motion for Entry of Default Judgment by Default, Entry of Judgment, and Final Order of Forfeiture [Doc. 43].

On July 15, 2011, the Government moved the Court for entry of default and entry of default judgment against Associates Financial Services of America, Inc., and for entry of judgment and final order of forfeiture pursuant to Federal Rule of Civil Procedure 58(a)(2)(A)(iii) against the defendant

property.  [Doc. 35].  In support of its motion, the Government presented to the Court two Deeds of Trust, indicating two possible lienholders on the defendant property: Associates Financial Co., Inc. and Associates Financial Services of America, Inc.  The Government asserted that these entities were in fact one and the same, and that Associates Financial Services of America, Inc. had been absorbed into "Citi Mortgage (and/or Citi Financial)."  [Doc. 35 at 4].

Based on the record presented by the Government, the Court concluded that it could not determine whether the Government had identified the proper corporate entities entitled to notice under the applicable Rules.  In addition, the Government had not established that the lienholders were notified properly.  Accordingly, the Government's Motion for Entry of Judgment by Default, Entry of Judgment, and Final Order of Forfeiture was denied without prejudice.  [Doc. 40].

The Government now renews its motion for entry of judgment by default and for a final order of forfeiture.  [Doc. 43].  With respect to the lienholders, the Government offers additional evidence in support of its assertion that "Associates Financial Co., Inc." and "Associates Financial Services of America, Inc." are in fact the same entity.  Specifically, the Government notes

that the transfer and assignment of the first deed of trust to Associates Financial Co., Inc. was filed with the Burke County Register of Deeds on the same date, November 15, 1995, that the second deed of trust to Associates Financial Services of America, Inc. was filed. Further, the Government asserts that a search of the North Carolina Department of the Secretary of State website shows that no company with the name Associates Financial Co., Inc. has ever been registered to do business in North Carolina, but that Associates Financial Services of America, Inc. was registered with the North Carolina Department of the Secretary of State to do business in this State at the time the transfers and assignments of the deeds of trust were effected. The Government submits that this circumstantial evidence demonstrates that it is more likely than not that Associates Financial Co., Inc. and Associates Financial Services of America, Inc. are the same entity and that this single entity (i.e., Associates Financial Services of America, Inc.) held both deeds of trust with respect to the defendant property.

The Government also has presented evidence that Associates Financial Services of America, Inc. merged with another entity in 2001. Citing an Articles of Merger filed with the North Carolina Department of the Secretary of State, the Government identifies the entity surviving this merger as

"CitiFinancial Services, Inc. 309 LLC" located at 300 St. Paul Place, Baltimore, Maryland 21202. [Doc. 43 at 4 (citing Ex. I, Doc. 43-9)]. The Government asserts that it provided proper notice of the forfeiture action to CitiFinancial Services, Inc. 309 LLC on October 11, 2011. [Id. at 4-5]. The Government's exhibits reveal, however, that notice was actually sent on that date to an entity identified as "**CitiFinancial Services, Inc. LLC**," *not* "**CitiFinancial Services, Inc. 309 LLC**." [See Ex. L, Doc. 43-12]. The difference between the names of these corporate entities is not insubstantial, as a cursory search of the Delaware Department of State website reveals at least eleven different limited liability companies which include "CitiFinancial Services" and a three-digit number as part of their name.[1]

It reasonably appears from the exhibits presented by the Government that CitiFinancial Services, Inc. 309, LLC is a potential claimant and thus the Government was required to provide this entity with notice pursuant to Rule G(4)(b)(I) of the Supplemental Rules for Admiralty or Maritime and Asset Forfeiture Claims. It is unclear, however, whether the Government's actions in mailing notice to "**CitiFinancial Services, Inc. LLC**" constitutes notice that is "reasonably calculated" to reach the actual potential claimant in this case,

---

[1]See https://delecorp.delaware.gov/tin/controller (last visited February 7, 2012). A screenshot of this website is attached hereto as Exhibit 1.

**CitiFinancial Services, Inc. 309, LLC**. <u>See</u> Rule G(4)(b)(iii)(A), Supplemental Rules for Admiralty or Maritime and Asset Forfeiture Claims.

Accordingly, **IT IS, THEREFORE, ORDERED** that within fourteen (14) days of this Order, the Government shall file a supplemental brief addressing the issue of whether the Government provided adequate notice to the potential claimant, CitiFinancial Services, Inc. 309, LLC.  Such supplemental brief shall not exceed ten (10) pages in length and shall be in 14-point type, double spaced.

**IT IS SO ORDERED.**

Signed: February 7, 2012

Martin Reidinger
United States District Judge