# THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION

## CIVIL CASE NO. 1:10cv18

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **O R D E R** |
| ) | |
| 400 Roper Street, Morganton, North ) | |
| Carolina, being real property as ) | |
| described in a deed at Book 431, ) | |
| Page 468, of the Registry of Burke ) | |
| County, North Carolina, together ) | |
| with the residences, and all ) | |
| appurtenances, improvements, and ) | |
| attachments thereon, ) | |
| ) | |
| Defendant. ) | |

**THIS MATTER** is before the Court on the Government's Supplemental Brief and Response to Order of February 7, 2012 [Doc. 45].

In the Order of February 7, 2012, the Court questioned whether the Government's actions in mailing notice to "**CitiFinancial Services, Inc. LLC**" constituted notice that was "reasonably calculated" to reach the potential claimant in this case, **CitiFinancial Services, Inc. 309, LLC**. [Doc. 44]. The

Government now responds to the Court's Order, maintaining that such notice was sufficient. [Doc. 45].

In so arguing, the Government first notes that the Court's Order fails to mention that the October 11, 2011 notice was mailed to 300 St. Paul Place, Baltimore, Maryland 21202, which is the correct mailing address for the potential claimant. [See Doc. 43-9]. According to the North Carolina Secretary of State's website, however, the 300 St. Paul Place address is the principal office and/or mailing address for several other CitiFinancial entities as well, including CitiFinancial Corporation (CO), CitiFinancial Auto Credit, Inc., and CitiFinancial, Inc. NC.[1] As the October 11, 2011 notice could have been routed to any of these corporate entities, the fact that the Government may have used the correct address did little to ensure that the correct corporate entity received the notice.

Second, the Government notes "that the same October 11, 2011, mailing was addressed not only to 'CitiFinancial Services, Inc. 309 LLC' but also to three variations of the name of the previous but now defunct

---

[1] See http://www.secretary.state.nc.us/corporations/Corp.aspx?PitemId=6453694 (last visited March 5, 2012); http://www.secretary.state.nc.us/corporations/Corp.aspx?PitemId=4956144 (last visited March 5, 2012); and http://www.secretary.state.nc.us/corporations/Corp.aspx?PitemId=4945062 (last visited March 5, 2012). Screenshots of these websites are attached hereto as Exhibits 1, 2, and 3, respectively.

predecessor corporation 'Associates Financial Services, Inc.'" [Doc. 45 at 2]. This statement, however, is incorrect. The October 11, 2011 mailing was *not* addressed to "**CitiFinancial Services, Inc. 309 LLC**" but to "**CitiFinancial Services, Inc. LLC**," which is a different corporate entity altogether. [See Doc. 43-12]. Despite the inclusion of a reference to variations of the name of the now-defunct Associates Financial Services of America, Inc., the fact remains that the Government misidentified the potential claimant in the mailing address. As such, it is simply unknown which corporate entity, if any, received the Government's notification.[2]

The Government further argues that its prior notice to "**CitiFinancial Services, Inc. LLC**" was sufficient to provide the potential claimant notice. In support of this argument, the Government submits an Application for Certificate of Withdrawal that was filed with the North Carolina Secretary of State in 2001. [Doc. 45-1]. The Government contends that this document identifies "CitiFinancial, Inc." as the "successor" to Associates Financial Services Company, Inc.[3] [Doc. 45 at 2]. This representation, however, is also

---

[2]The return receipt indicates that a "W. Campbell" signed the receipt acknowledging the delivery of the October 11, 2011 mailing. The Government, however, has filed nothing with the Court to show with which corporate entity this person is associated.

[3]As the Court noted in its prior Order, the Government has provided circumstantial evidence to suggest that Associates Financial Company, Inc. and Associates Financial Services of America, Inc. are in fact the same corporate entity.

3

incorrect. The Application for Certificate of Withdrawal merely identifies "CitiFinancial, Inc." as an entity to which any future process served on the Secretary of State could be sent. [Doc. 45-1]. This document, then, does not identify CitiFinancial, Inc. as the "successor" to Associates Financial Services Company, Inc. As previously identified by the Government, the Articles of Merger filed with the North Carolina Department of the Secretary of State identifies the successor to Associates Financial Services of America, Inc. as "**CitiFinancial Services, Inc. 309 LLC**." [See Doc. 43 at 4]. It is to this latter corporate entity that the Government should have provided notice.[4]

In light of the Court's prior Order, the Government submits that it has now sent notice to "CitiFinancial Services, Inc. 309 LLC" at the 300 St. Paul Place address. This mailing was accomplished on February 13, 2012. [See Docs. 45-2, 45-3]. As the time for the filing of a claim based upon that notice has not yet expired, the Court will allow the Government an additional forty (40) days to resolve this matter with respect to this potential claimant.

---

[Doc. 44 at 3].

[4]In any event, "CitiFinancial, Inc." is an entirely different corporate entity from "CitiFinancial Services, Inc. LLC, " the entity to which the October 11, 2011 mailing was directed. Thus, even if "CitiFinancial, Inc." were in fact the successor to Associates Financial Services of America, Inc., the Government's prior notice was still deficient to provide notice to the potential claimant.

4

Accordingly, **IT IS, THEREFORE, ORDERED** that the Government shall have an additional forty (40) days from the entry of this Order to supplement its Motion for Default Judgment by Default, Entry of Judgment, and Final Order of Forfeiture.

**IT IS SO ORDERED.**

Signed: March 8, 2012

Martin Reidinger
United States District Judge